## THE WORCESTER MUTUAL FIRE INSURANCE COMPANY *vs.* THE CITY OF WORCESTER.

Mutual fire insurance companies are not liable to taxation for personal estate invested in their corporate names and held by them for the purposes of their incorporation.

THIS was an action of assumpsit to recover $142.71, the amount of a tax, assessed upon the plaintiffs and paid by them to the defendants.

The plaintiffs were incorporated by *St.* 1822, *c.* 112, for twenty eight years; and by that act and the acts in addition thereto, (*Sts.* 1823, *c.* 125; 1842, *c.* 13,) were authorized to insure any buildings, furniture, carriages, cattle, hay or grain, in the county of Worcester, against damage by fire; and were directed to invest the moneys advanced by each person insured, within sixty days after such advancement, in bank stock, stocks of the United States, or notes and bonds secured by mortgages; and were made liable to taxation by

any general law affecting similar corporation. By *St.* 1847, *c.* 73, their incorporation was continued for twenty eight years more; with all the powers and privileges, and subject to all the duties, liabilities and restrictions, set forth in the thirty seventh and forty fourth chapters of the revised statutes.

The case was submitted to the court upon the statutes above referred to, and the following statement of facts: At the time of the assessment of this tax, the plaintiffs had outstanding policies covering and insuring about $10,300,000 of property held by about 10,400 different individuals, residing in the various towns in the county of Worcester, and had invested the funds of the company, held by them to pay losses and return premiums, in bank stock, notes and mortgages, &c., as required by law. And on the bank stock, so held by them, the tax in question was assessed by the assessors of Worcester, in 1850, and paid by the plaintiffs under protest, after they had requested the assessors to abate the tax, which they refused to do. If this tax was legally assessed, the plaintiffs are to become nonsuit; otherwise, the defendants are to be defaulted.

*E. Washburn*, for the plaintiffs.

*P. C. Bacon* and *D. Foster*, for the defendants.

BIGELOW, J. The embarrassment attendant upon the decision of the question in this case arises in great measure from the very general character of the provisions of law, regulating the taxation of personal estate, which not unfrequently renders their application to particular cases perplexing and difficult. The general principle governing the assessment of property invested in moneyed corporations is sufficiently simple and intelligible. The statute requires that it shall be assessed to the persons who own shares in such corporations, and not to the corporation itself, who own and manage it. Rev. Sts. *c.* 7, § 4. The only distinctly recognized exception to this rule is that of the machinery employed in any branch of manufactures, which, for the purposes of taxation, is regarded as part of the real estate to which it is attached, and is assessed to the corporation in the town or city where it is used. Rev. Sts. *c.* 7, § 10.

The difficulty in applying the general rule above stated to the assessment of personal estate, held by the plaintiffs, arises from the peculiar character given by the statutes of the commonwealth to corporations established for the sole purpose of insuring property upon the mutual principle against risks by fire. In a certain sense such corporations may properly be called moneyed corporations. They usually have a large amount of personal estate invested in bank stock and other securities, standing in their corporate names. In the case of ordinary stock companies these would be taxable to the several stockholders, in the proportion which the shares held by each bore to the whole amount. The value of the shares in such cases represents the personal property held by the corporation. But a mutual insurance company has no shares, and, strictly speaking, no stockholders. Its capital, so far as it has any, is not by law divided into a certain fixed number of aliquot parts, each one representing an equal portion of its entire property. Nor has it, in fact, like other corporations, any fixed sum, established by law, which constitutes its capital. Its funds, which stand in the place of capital, necessarily depend upon the extent of its business. The greater the amount at risk on policies, the larger will ordinarily be its absolute and contingent assets, out of which losses are to be paid. Its capital, and not merely its profits, is made up of premiums on the risks which it assumes. But notwithstanding these and other apparent peculiarities in the constitution of such corporations, we are satisfied, upon careful consideration, that the same rule of taxation is applicable to them as to other moneyed corporations.

A mutual insurance company under the statutes of this commonwealth is, to a certain extent, an agent or depositary, having no property absolutely its own, but holding that of its members in trust for certain specific, well defined purposes. Each member of the corporation contributes a certain amount to its funds for a fixed period of time. The sum thus deposited does not become the exclusive property of the corporation. It is rather in the nature of a special deposit, which the corporation is to hold and manage, and upon which it has

certain liens or claims, regulated by law, for the payment of expenses, and of losses by fire; but in which the original depositor also retains an interest, so that he can demand its repayment, in whole or in part, upon the termination of his policy by lapse of time or otherwise. In truth, each person insured in a mutual insurance company holds, in many respects, the same relation to the corporation as a stockholder in an ordinary stock corporation. He is, by force of his policy and the payment of his premium, a member of the corporation. He has the right to vote at its meetings, and to take part in the management of its affairs. His policy, like a common certificate of stock, is the evidence of his membership and of the extent of his right or interest in the funds of the corporation. This share or interest, although it may fluctuate from time to time in proportion to the losses of the company, is always of an ascertainable value, and capable, with the policy, of being sold and assigned for a valuable consideration, according to certain conditions and restrictions established by the by-laws And when a policy expires by its own limitation or by agreement, the assured has a right to receive back and take out his share or proportion of the entire assets of the corporation. In this last particular, his right and interest in the corporate property is more direct and immediate than that of a stockholder in a stock corporation, because the latter, on ceasing to be a member, cannot withdraw his part of the capital, but can only sell his shares, leaving the funds of the corporation unimpaired. It would seem to follow from this view of the nature and constitution of mutual insurance companies, that their funds, although invested in their corporate name, still so far remain the property of the individual members as to fall very clearly within the principle, established by the statute, requiring property invested in moneyed corporations to be assessed to individual proprietors therein, and not to the corporations themselves.

This view is greatly strengthened by the consideration, that there is no provision of law, in relation to the assessment of taxes, directly applicable to corporations of this peculiar character, and rendering them liable to taxation in their corporate

capacity for personal estate. The question, therefore, resolves itself into one of construction of the general provision regulating the taxation of personal estate invested in moneyed corporations, and it is the duty of the court to put that interpretation upon the statute, which will make its practical application to various cases consistent and harmonious. It would certainly be an incongruity to hold, that personal estate invested in mutual insurance companies was liable to a different rule of taxation from that invested in other corporations established for similar purposes, on account of the slight differences between the two kinds of corporations in their organization and mode of conducting business.

It has occurred to us, that there would be great practical difficulty, in assessing taxes on personal property belonging to corporations similar in their organization to the plaintiffs, arising from the fact that such corporations have usually no legal location or habitancy which would authorize any city or town to assess them therein. The general provision of law is that personal estate shall be assessed in the town or city where its owner resides. Rev. Sts. c. 7, § 9. This provision might, perhaps, be so construed as to include a corporation established for the purpose of transacting business in a particular place designated by law, and in which its capital is to be exclusively employed. But mutual insurance companies usually have no legal location to which they are by law confined, and their transactions are not limited to any one town or city. The plaintiffs are expressly empowered to insure property situated anywhere within the county of Worcester, but their place of business is not fixed by their act of incorporation. Suppose they should establish offices for the transaction of their business in several different towns in the county, as they could legally do, where then should their personal estate be assessed? The mere fact, that their office is situated in Worcester would hardly seem to afford sufficient ground for a claim of right on the part of that city to assess them for their personal estate. Besides; their members, those who, as we have already seen, are in fact the owners of its funds do not all reside in Worcester. They are scattered in

the various towns throughout the county.   It would be inconsistent with the whole system of taxation in this state, that personal estate thus situated should be assessed in the town where the corporation happens to have its place of business.   The effect of allowing such an assessment would be to deprive other towns of the right of assessing property in reality belonging to their own citizens.

In considering this question, we do not think it unimportant that this is the first case, so far as we know or are informed, in which personal estate, held by a mutual insurance company under its acts of incorporation, has been assessed by any city or town to the corporation.   These institutions have now been established within this commonwealth upwards of half a century, without any attempt hitherto to render them liable to taxation in this mode.   An unbroken practice for so long a period, in a matter in which men are not apt to slumber on their rights, is, to some extent, a contemporaneous construction of the law, which, in a doubtful question, is certainly entitled to some weight.

For these reasons we are all of opinion that mutual insurance companies, established under the statutes of this commonwealth, for the purpose of insuring against risks by fire, are not taxable for personal estate, invested in their corporate names, and held by them for the purposes for which such corporations are established.   There must therefore be

*Judgment for the plaintiffs.*